BENJAMIN B. WAGNER
United States Attorney
RICHARD M. ELIAS
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA  93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
richard.elias@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| QUANTA SERVICES, INC., VCS SUB, INC., f.k.a. ENVIRONMENTAL PROFFESSIONAL ASSOCIATES, INC. d.b.a. PROVCO, and PACIFIC GAS AND ELECTRIC COMPANY, | |
| Defendants. | |

## INTRODUCTION

1.     This is a complaint for damages arising out of the Power Fire, a forest fire that ignited on October 6, 2004 in the Eldorado National Forest in Amador County, California.  The fire burned nearly 17,000 acres of land, over 13,600 of which was public National Forest System land. Defendants are liable for, among other things, negligently and in violation of law igniting the Power Fire by carelessly discarding an ignited cigarette while operating on the Eldorado National Forest under high fire danger conditions.

## THE PARTIES

2.     The United States, as sovereign, owns National Forest System lands, which includes the Eldorado National Forest, that are under the supervision, control, administration, and protection

of the United States Department of Agriculture, Forest Service ("Forest Service"), an agency of the United States.

3.  Defendant Quanta Services, Inc. is a Delaware corporation with its principal place of business in Houston, Texas. Defendant VCS Sub, Inc., formerly known as Environmental Professional Associates, Ltd., is a California corporation and subsidiary of Quanta Services. VCS Sub, Inc. does business under the name Provco. These defendants shall be collectively referred to as "Provco." Provco is a utility vegetation management service that, among other things, removes or trims hazard trees that encroach or potentially encroach power lines.

4.  Defendant Pacific Gas and Electric Company ("PG&E") is a California corporation. PG&E is a utility company that owns, operates, and maintains power lines throughout the State of California, including lines that traverse National Forest System land.

## JURISDICTION AND VENUE

5.  This Court has original jurisdiction over this action under 28 U.S.C. § 1345.

6.  Venue is proper in the United States District Court for the Eastern District of California under 28 U.S.C. § 1391(b), because the events or omissions giving rise to the United States' claims occurred in Amador County, California, which is within this district. Moreover, the property damaged is located in Amador County.

## GENERAL ALLEGATIONS

7.  As a utility company that owns and operates power lines in the State of California, Defendant PG&E has a nondelegable statutory and regulatory duty to identify and remove or trim trees that encroach its lines or that are in risk of falling and contacting the lines. *See, e.g.,* Cal. Pub. Res. Code § 4293.

8.  To accomplish these tasks, PG&E hires contractors to identify these hazard trees and remove them. At all relevant times, Defendant Provco was one of the companies with whom PG&E contracts to cut or trim hazard trees or potential hazard trees. PG&E and Provco have a longstanding business relationship.

9.  At all relevant times, PG&E controlled or had the power to control the manner and means by which Provco and its crew members conducted their work. At all relevant times, Provco

US Complaint; Demand for Jury Trial

was PG&E's agent.

10. Further, at all relevant times, PG&E controlled or had the power to control Provco's fire safety policies and training, including Provco's policies and training on smoking and fire prevention.

11. PG&E runs a number of transmission and distribution lines through the National Forest System, including the Eldorado National Forest.

12. On October 6, 2004, a Provco crew performed vegetation management services for PG&E along a 12 kV distribution line that traversed the Eldorado National Forest in Amador County, California. The line ran up a slope directly north of a PG&E power house and dam situated in the Salt Springs Reservoir.

13. The crew removed or trimmed trees around the line that had been earlier marked for work by another PG&E contractor. The crew used chainsaws to remove some of these trees. The crew worked from 9:00 a.m. until the early afternoon.

14. As the day progressed, the fire danger increased. According to the Beaver Remote Access Weather Station, located just a few miles from the work area, at 1:05 p.m., the relative humidity dropped to five percent. By 2:05 p.m., the relative humidity dropped to one percent. When the relative humidity drops to single digits such as these, the fire hazard conditions are extreme.

15. The hillside that the crew worked had limited access, and there were no roads or trails in the immediate areas that the crew worked.

16. During the entire time that they worked on October 6, 2004, the Provco crew saw no one in or around their work area or on the hillside they worked other than members of the crew.

17. At about 1:00 p.m., the Provco crew working the upper hillside took a break in an area encircled by large rocks located near power pole 11 at mid-slope.

18. During this break, several crew members ignited and smoked cigarettes.

19. The crew members negligently and in violation of law ignited, smoked, and discarded the cigarettes that they smoked on their break, and then left the area at about 1:30 p.m. As a consequence, a fire ignited and was allowed to spread.

20. The fire ignited in the area encircled by large rocks where the crew took their break.

21. PG&E and Provco were aware that Provco crew members smoked while working in the woods, and permitted them to do so.

22. PG&E and Provco had no policies governing smoking in the woods, and did not train the crew members on how to safely light, smoke, and extinguish cigarettes in the woods.

23. Further, PG&E also failed to implement reasonable and appropriate policies and safeguards to guard against the ignition and spread of forest fires, such as ground patrols, fire watches, and a requirement of adequate communication and suppression tools on hand while working.

24. The fire—which would become known as the Power Fire—was allowed to spread and ultimately burned nearly 17,000 acres of land.  Over 13,600 acres of the land was on National Forest System land.

25. The Forest Service employed substantial resources and incurred substantial costs in suppressing the Power Fire.

26. The Power Fire burned predominately at high severity, killing millions of public trees, and causing substantial damage to National Forest Land.  Among other things, the fire destroyed valuable commercial timber, decimated habitat for a variety of sensitive species, caused lasting damage to watersheds and soil, released millions of tons of carbon into the atmosphere, and wiped out irreplaceable cultural resources, including Native American historical sites.

## COUNT I

**(Violation of Cal. Health & Safety Code §§ 13007 through 13009.1 Against all Defendants)**

27. The United States incorporates the above allegations as if fully stated herein.

28. Defendants, personally or through another, negligently and in violation of law ignited the Power Fire, or allowed it to be ignited, on National Forest land.

29. The laws that Defendants violated in igniting the Power Fire or allowing it to be ignited include, but are not limited to: 36 C.F.R. §§ 261.5 (c) through (e), 261.9(a); 18 U.S.C. § 1856; Cal. Health & Safety Code §§ 13001, 13002; and Cal. Pub. Res. Code §§ 4421, 4422.

30. As a proximate result of Defendants' negligence and violation of laws in igniting the

US Complaint; Demand for Jury Trial

4

Power Fire or allowing it to be ignited, the United States has suffered substantial damage, including, but not limited to, lost commercial timber, costs of reforestation, costs of fire suppression, damage to habitat, soil, and watersheds, and loss of irreplaceable environmental and cultural resources, in an amount to be proven at trial.

## COUNT II

### (Negligence Against All Defendants)

31. The United States incorporates the above allegations as if fully set forth herein.

32. Defendants had a duty to exercise reasonable care in performing their vegetation management duties and services.

33. Further, PG&E, controlled the land in the areas surrounding the subject power line, and as a possessor of land, had a duty to exercise reasonable care to ensure that the Provco crew performed its duties in a safe and reasonable manner.

34. Defendants and their contractors, employees, and agents breached their duty of care by, among other things:

- Negligently igniting the Power Fire or allowing the fire to ignite;
- Negligently smoking and discarding cigarettes under conditions likely to start a fire;
- Negligently allowing crew members to smoke in the woods under high fire hazard conditions where a fire was likely to, and did in fact, start;
- Failing to implement appropriate training, policies, and procedures regarding smoking, including how to properly discharge lit cigarettes;
- Failing to implement appropriate training, policies, and procedures regarding fire prevention, including ground patrols and fire watches; and
- Failing to require employees to have adequate communication and suppression tools on hand to report and suppress fires.

35. Defendants further violated multiple statutes and regulations, creating a presumption of negligence under California Civil Code § 669(a), including, but not limited to: 36 C.F.R. §§ 261.5 (c) through (e), 261.9(a); 18 U.S.C. § 1856; Cal. Health & Safety Code §§ 13001, 13002; and Cal. Pub. Res. Code §§ 4421, 4422.

36. The United States is further entitled to a presumption and inference of negligence under the doctrine of *res ipsa loquitur*, because (1) the ignition and spread of the Power Fire is not

US Complaint; Demand for Jury Trial

5

the type of accident that normally occurs absent negligence, (2) Defendants had exclusive control of the cigarettes that started the fire, as well as their work area and all other reasonably probable instrumentalities capable of starting the fire, and (3) the United States did not cause or contribute to the ignition of the Power Fire.

37. The Provco employees acted at all times within the course and scope of their employment, and thus Provco is vicariously liable for the acts and omissions of the employees in starting the fire.

38. PG&E is vicariously liable for the acts and omissions of Provco and its employees under theories of agency, nondelegable duty, inherent and peculiar risk, as well as under California Health and Safety Code § 13007.

39. As a proximate result of Defendants' negligence and violation of laws in causing the Power Fire or allowing it to be set, the United States has suffered substantial damage, including, but not limited to, lost commercial timber, costs of reforestation, costs of fire suppression, damage to habitat, soil, and watersheds, and loss of irreplaceable environmental and cultural resources, in an amount to be proven at trial.

## COUNT III

**(Negligent Hiring and Retention Against All Defendants)**

40. The United States incorporates the above allegations as if fully set forth herein.

41. Provco and its crew members were unfit, as demonstrated by, among other things, the manner in which the crew negligently smoked and discharged their cigarettes under dangerous fire conditions, and the manner in which Provco authorized and permitted such smoking.

42. Defendants knew or should have known of this unfitness. Despite such actual or constructive knowledge, Defendants negligently hired these employees, or allowed them to be hired, and negligently did nothing to correct the unfitness.

43. As a proximate result of this negligence, the United States has suffered substantial damage, including, but not limited to, lost commercial timber, costs of reforestation, costs of fire suppression, damage to habitat, soil, and watersheds, and loss of irreplaceable environmental and cultural resources, in an amount to be proven at trial.

## COUNT IV

**(Negligent Supervision Against All Defendants)**

44. The United States incorporates the above allegations as if fully set forth herein.

45. Defendants negligently failed to implement reasonable procedures, policies, and training on smoking safety, fire prevention, and fire safety.

46. As a result of this failure, the Provco crew was allowed to smoke under unsafe conditions, to negligently discard the cigarettes, and to negligently fail to conduct a diligent fire patrol and fire watch following their activities.

47. As a proximate result of this negligence, the United States has suffered substantial damage, including, but not limited to, lost commercial timber, costs of reforestation, costs of fire suppression, damage to habitat, soil, and watersheds, and loss of irreplaceable environmental and cultural resources, in an amount to be proven at trial.

## COUNT V

**(Trespass by Fire Against All Defendants)**

48. The United States restates the above allegations as if fully set forth herein.

49. Defendants negligently and in violation of law allowed a fire they ignited to ignite and spread on National Forest System lands within the Eldorado National Forest.

50. This encroachment and invasion by fire onto the United States' property was done without the United States' consent.

51. As a proximate result of this trespass, the United States has suffered substantial damage, including, but not limited to, lost timber and underwood, costs of reforestation, costs of fire suppression, damage to habitat, soil, and watersheds, and loss of irreplaceable environmental and cultural resources, in an amount to be proven at trial.

52. The United States seeks to double damages under California Civil Code § 3346 for this trespass by fire.

US Complaint; Demand for Jury Trial

7

## PRAYER FOR RELIEF

WHEREFORE, the United States prays for judgment in its favor awarding the United States:

1. Damages fully and fairly compensating the United States for all damages sustained from the Power Fire, including, the costs of fire suppression, the costs of rehabilitation and restoration of the burned areas, loss of commercial timber, loss of environmental resources and uses, and loss of cultural resources;

2. Double damages under Cal. Civil Code § 3346;

3. Interest, including interest as authorized under 31 U.S.C. § 3717 and California Civil Code §§ 3287, 3288;

4. Investigation, collection, accounting, and administrative costs incurred as a result of the Power Fire;

5. Attorneys' fees and costs; and

6. And for any other relief this Court deems appropriate.

Dated: August 3, 2012                              Respectfully submitted,

                                                   BENJAMIN B. WAGNER
                                                   United States Attorney

                                                   By: /s/   *Richard M. Elias*
                                                       RICHARD M. ELIAS
                                                       Assistant U.S. Attorney


## DEMAND FOR JURY TRIAL

The United States hereby demands a jury trial for all issues so triable in this action.

Dated: August 3, 2012                              Respectfully submitted,

                                                   BENJAMIN B. WAGNER
                                                   United States Attorney

                                                   By: /s/   *Richard M. Elias*
                                                       RICHARD M. ELIAS
                                                       Assistant U.S. Attorney