BENJAMIN B. WAGNER
United States Attorney
RICHARD M. ELIAS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:   (559) 497-4099
richard.elias@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>QUANTA SERVICES, INC., *et al.*<br><br>            Defendants. | CASE NO.  2:12-CV-02043-JAM-EFB<br><br>**SETTLEMENT AGREEMENT AND STIPULATION; MUTUAL RELEASES; AND ORDER** |

This Settlement Agreement ("Settlement Agreement" or "Agreement") is entered into by and among the United States of America on behalf of itself and its agencies, including the United States Department of Agriculture, Forest Service ("United States"), Pacific Gas and Electric Company ("PG&E"), Quanta Services, Inc. ("Quanta"), and VCS Sub, Inc. formerly known as Environmental Professional Associates, Ltd., doing business under the name Provco ("VCS").  PG&E, Quanta, and VCS are collectively referred to as the "Defendants."  The United States, PG&E, Quanta, and VCS are collectively referred to as the "Parties."  In consideration of the mutual promises, covenants, conditions, terms, and obligations set forth in this Agreement, and except as set forth herein, the Parties hereby agree to settle and compromise each and every claim of any kind, known and unknown, arising directly or indirectly from the Power Fire, which started on or about October 6, 2004, in the Eldorado National Forest, and the acts or alleged acts and omissions that gave rise or are related to the above-captioned actions, under the terms and conditions set forth below.

///

Settlement Agreement and Stipulation; Order        1

1. Quanta and VCS agree to pay or cause to be paid, on behalf of all Defendants, the collective sum of $45 million (the "Settlement Amount") to the United States in three installments as follows: Quanta or VCS shall pay or cause to be paid $25,950,000 within 30 days from the filing of this Settlement Agreement; Quanta and VCS through their insurer, Lexington Insurance Company ("Lexington"), shall pay or cause to be paid an additional $9,525,000 within 60 days from the filing of this Settlement Agreement; and Quanta and VCS through their insurer, Lexington, shall pay or cause to be paid the final installment of $9,525,000 within 90 days from the filing of this Settlement Agreement. All payments shall be made by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Eastern District of California no later than 10 days from the date this Settlement Agreement is filed. If timely payments are made as set out above, no interest shall accrue on amounts owed or to be paid under this Settlement Agreement.

2. Subject to the exceptions in Paragraph 3 below, and conditioned upon full payment of the Settlement Amount, the United States releases Defendants and their current and former subsidiaries, affiliates, predecessors, successors, partners, related or affiliated entities, insurers, and their respective current and former directors, officers, agents, shareholders, employees, contractors and assigns from all liability for any civil claims, demands, obligations, actions, causes of action, damages, costs, losses, attorneys' fees, interest, penalties and expenses, including any claims for compensatory, economic, environmental or punitive damages, arising out of or in any way related to the Power Fire or the allegations brought in the above-captioned action. The United States further agrees that neither it nor its agencies or insurers will bring any subrogation claims or other claims arising out of the Power Fire against those released in this Paragraph.

3. Notwithstanding any term of this Agreement, the United States reserves and excludes from the scope and terms of this Agreement, as to any entity or person (including Defendants), the following claims:

    a. Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability; and

Settlement Agreement and Stipulation; Order    2

   c. Any liability to the United States (or its agencies) for any claims not arising out of or related in any way to the Power Fire or the allegations asserted in the above-captioned action.

4. In consideration of the obligations of the United States set forth in this Agreement, Defendants hereby release the United States and its employees, agents, agencies, and departments from all liability for any civil claims, demands, obligations, actions, causes of action, damages, costs, losses, attorney's fees, and expenses, including any claims for compensatory or punitive damages, arising out of or relating to the above-captioned action.

5. Except as set forth in paragraph 7 of this Agreement, Quanta, VCS and PG&E mutually release each other and their current and former subsidiaries, affiliates, predecessors, successors, partners, related or affiliated entities, insurers, and their respective current and former directors, officers, agents, shareholders, employees, contractors and assigns from all liability for any claims, indemnities, demands, obligations, actions, causes of action, damages, costs, losses, attorneys' fees, interest, penalties and expenses, including any claims for compensatory, economic, environmental or punitive damages, arising out of or in any way related to the Power Fire.

6. This Agreement is not an admission of any wrongful conduct or liability by the Defendants, or a concession by the United States that its claims and allegations are not well-founded. This settlement is entered into to compromise disputed claims and to avoid the delay, uncertainty, inconvenience, and expense of further litigation.

7. With the exception that PG&E does not release its claim against Quanta and VCS for defense costs and legal fees in defending the underlying action and pursuing indemnity from Quanta and VCS in the above captioned lawsuit, the Parties shall bear their own costs, attorneys' fees, and expenses incurred in connection with the investigation, litigation, and resolution of the above-captioned action.

8. This Agreement is intended to be for the sole benefit of the Parties and those released herein. Except as stated herein, the Parties do not release any claims against any other person or entity by this Agreement.

9. Each individual signing this Agreement on behalf of Defendants represents that he or she has the appropriate power, consent, and authorization to execute this Agreement. The undersigned

Settlement Agreement and Stipulation; Order    3

Assistant United States Attorney represents that he is signing this Agreement in his official capacities and that he is authorized to execute this Agreement.

10. Each Party represents and warrants that it has not transferred anything being released under this Agreement, and is not aware of any such transfer, and that the Party is not aware of any prohibition of any type that prevents the Party from performing the terms of this Settlement Agreement.

11. Nothing in this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of Title 26, United States Code (Internal Revenue Code).

12. This Agreement is binding on Defendants' successors in interest, transferees, and assigns. A successor in interest includes any entity that acquires an ownership interest in Defendants through merger or liquidation.

13. This Settlement Agreement and the terms of the settlement are not confidential.

14. The Parties warrant that they have sought and obtained advice of independent legal counsel with regard to the nature, purpose, and effect of this Agreement. The Parties hereby declare that the terms of this Agreement have been completely read, fully understood, and voluntarily accepted following opportunity for review by legal counsel of their choice.

15. The Parties warrant and represent that they have freely and voluntarily entered this Agreement without any degree of duress or compulsion whatsoever, after having been apprised of all relevant information and data by their legal counsel. The Parties further represent and warrant that no other Party or its representative has made any promise, representation or warranty, express or implied, except as expressly set for in this Agreement, and the Parties have not relied on any inducements, promises, or representations made by any Party to this Agreement, or its representatives, or any other person, except as expressly set forth herein.

16. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties. The words of the Settlement Agreement shall not, therefore, be construed against any party for that reason in any subsequent dispute, but shall be construed so as to effect their fair meaning, the Parties having waived the benefit of California Civil Code § 1654 and similar laws.

17. This Agreement constitutes the complete agreement between the Parties, and supersedes

and replaces all prior negotiations and agreements, whether written or oral, regarding the resolution of the Parties' claims with respect to the above-captioned action.

18. The Parties understand and acknowledge that the facts and/or potential claims with respect to liability or damages regarding the above-captioned actions and the Power Fire may be different from facts now believed to be true or claims now believed to be available ("Unknown Claims"). Each Party accepts and assumes the risks of such possible differences in facts and potential claims and agrees that this Settlement Agreement shall remain effective notwithstanding any such differences. Subject to the exceptions in Paragraph 3 concerning excluded claims, and subject to complete satisfaction of all settlement obligations set forth herein, Defendants intend to release fully, finally and forever all Unknown Claims that arise out of or relate to the Power Fire or the allegations in the above-captioned action as to the United States and each other, and the United States intends to release fully, finally and forever all Unknown Claims that arise out of or relate to the Power Fire or the allegations in the above-captioned action as to the Defendants and those released in Paragraph 2 above. Accordingly, this Settlement Agreement, and the releases contained herein, shall remain in full force as a complete release of Unknown Claims notwithstanding the discovery or existence of additional or different claims or facts before or after the date of this Settlement Agreement. Except as otherwise stated in Paragraph 24, each Party hereby waives any and all rights or benefits that any of them may have under Section 1542 of the Civil Code of the State of California, or any comparable provision under the law of any state, territory or country. Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

19. This Agreement may be executed in counterparts, and each of the counterparts taken together shall constitute a valid and binding agreement between the Parties.

20. The Agreement may not be altered, amended, or modified, except by a writing duly executed by authorized representatives of all Parties.

21. Electronic signatures, faxed signatures, or other electronic copies of signatures shall

constitute acceptable, binding signatures for purposes of this Settlement Agreement.  This Agreement is final and binding on the date of the signature of the last signatory to this Agreement.

22. The Parties hereby request that the Court dismiss the above styled case, Case No. 2:12-cv-02043, with prejudice by signing the attached order.  The Clerk of the Court is requested to enter this dismissal and release in the official docket.

23. Notwithstanding the entry of a dismissal herein, the United Stated District Court for the Eastern District of California (John A. Mendez, District Judge) shall retain jurisdiction to enforce the terms of this Settlement Agreement and the Parties agree that this Court shall be the sole venue for any dispute arising hereunder.

Dated:   June 4, 2013                    BENJAMIN B. WAGNER
                                         United States Attorney


                                         By:  /s/ Richard M. Elias
                                             RICHARD M. ELIAS
                                             Assistant United States Attorney
                                             Attorney for the United States


Dated:  June 3, 2013                     COOK BROWN, LLP


                                         By:  /s/ Brian D. Bertossa
                                             BRIAN D. BERTOSSA
                                             Attorneys for Quanta Services, Inc. and
                                             VCS Sub, Inc.


Dated:  June 4, 2013                     SEDGWICK LLP


                                         By:  /s/ Gregory C. Read
                                             GREGORY C. READ
                                             Attorneys for Pacific Gas and Electric Co.

**ORDER**

Case No. 2:12-cv-02043 is hereby DISMISSED IN ITS ENTIRETY WITH PREJUDICE.

The Clerk of the Court is directed to enter this Order in the official docket.

Notwithstanding the entry of a dismissal herein, the Court (John A. Mendez, District Judge) shall retain jurisdiction to enforce the terms of this Settlement Agreement.

IT IS SO ORDERED


Date:   6/6/2013

                                       /s/ John A. Mendez_____
                                       UNITED STATES DISTRICT COURT JUDGE